THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>MICHAEL MURPHY,<br><br>                Defendant. | CASE NO. CR11-0120-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce sentence (Dkt. No. 1226), the Government's motion for leave to file an overlength response brief (Dkt. No. 1238), and the Government's motion to seal its response (Dkt. No. 1239). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion to reduce sentence (Dkt. No. 1226) and GRANTS the Government's motions to file an overlength brief and to seal (Dkt. Nos. 1238, 1239) for the reasons explained herein.

**I.   BACKGROUND**

This Court sentenced Defendant to a 144-month term of confinement following 2011 guilty pleas on counts of conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. Nos. 501, 640.) Defendant, who the Bureau of Prisons ("BOP") released to home confinement in May of 2020, moves to modify the term of his imprisonment. (Dkt. No. 1226.) Defendant asserts that, in light of the COVID-19 pandemic, and the possibility

that the BOP may terminate his home confinement and return him to BOP custody, his age represents a sufficiently extraordinary and compelling reason to justify reducing his sentence under 18 U.S.C. § 3582(c)(1). (*See generally* Dkt. No. 1226.)

## II.     DISCUSSION

### A.     Defendant's Motion for Compassionate Release

As a threshold matter, Defendant presents no evidence that he presented a request for compassionate release to the Warden or Chief Executive of the Residential Reentry Center supervising his release. (*See generally* Dkt. No. 1226.) Instead, Defendant argues that this Court has the authority to waive this statutory requirement. (*Id.* at 7.) On its face, § 3582(c)(1)(A) contains no textual basis for the Court to waive the 30-day waiting period. Section 3582(c) begins with a general rule: "the court may not modify a term of imprisonment once it has been imposed." Section 3582(c)(1)(A) then offers three specifically enumerated "excep[tions]" to that general rule. It lists no other exceptions, and it does not contain a catchall category allowing a court to waive the statute's requirements if the court deems it wise to do so. Regardless, even if the Court were to find a basis to waive the exhaustion requirement, Defendant has not shown that his circumstances warrant a reduction to his sentence.

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). This can include health conditions that make an inmate significantly more vulnerable to COVID-19. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).

Defendant asserts that his age, 71-years-old, represents an extraordinary and compelling circumstance warranting a reduction in his sentence. (Dkt. No. 1226 at 6–9.) The Centers for Disease Control and Prevention indicate that Defendant, based on his age, is at a "higher" risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. But the BOP already mitigated this risk by releasing Defendant to home confinement. Therefore, the Court fails to see how Defendant's age could represent a sufficiently extraordinarily and compelling circumstances to warrant a reduction in his sentence.[1]

### B.  Government's Motions to File Overlength Brief and to Seal

The Government moves to file a 13-page brief in response to Defendant's motion to reduce sentence (Dkt. No. 1238). A response brief of 13 pages is reasonable in this instance. The Government also moves to maintain its response under seal (Dkt. No. 1239). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the Government's response contains personal information that should not be available to the public. There is a compelling interest in maintaining the confidentiality of this information and that interest outweighs the public's interest in its disclosure. *See Kamakana*, 447 F.3d at 1179.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to reduce sentence (Dkt. Nos. 1226) and GRANTS the Government's motions to file an overlength brief and to seal

---

[1] Because Defendant has not shown extraordinary and compelling circumstances, the Court need not consider the remaining requirements for a reduction in sentence, namely whether Defendant would be a danger to the community upon release and whether a reduction in Defendant's sentence would be consistent with 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

(Dkt. Nos. 1238, 1239). The Clerk is DIRECTED to maintain Docket Number 1240 under seal until further order of the Court.

DATED this 1st day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE